

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **LEWIS GULLATTE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:16-cv-00286-A** |
| | § | |
| **COMPANION PROPERTY & CASUALTY INSURANCE COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Lewis Gullatte ("Mr. Gullatte"), Plaintiff herein, files his First Amended Complaint against Defendant Companion Property & Casualty Insurance Company ("Companion") and, in support of his causes of action, would respectfully show the Court the following:

## I. THE PARTIES

1. Lewis Gullate is a Texas resident who resides in Tarrant County, Texas.

2. Companion is an insurance company doing business in the State of Texas and has already been served.

## II. JURISDICTION AND VENUE

3. This court has subject matter jurisdiction of this cause of action under 28 U.S.C. § 1332 because there is total diversity of citizenship and the case involves an amount in excess of $75,000.00.

4. Venue is proper under 28 U.S.C. § 1391 because the storm giving rise to the claim at issue occurred in Tarrant County, Texas, which is in the Northern District of Texas and is closest to the Fort Worth Division.

## III.
## FACTUAL BACKGROUND

5. Plaintiff, whose property is located at 3505 Clear Brook Drive, Fort Worth, Texas 76123, is a named insured under a property insurance policy issued by Companion, Policy No. CPA-7259.

6. On or about April 18, 2015 a severe hail and wind storm struck the Ft. Worth, Texas area, damaging Plaintiff's dwelling. After the storm, Plaintiff filed a claim on his insurance policy, Claim No. COC-72022, on or about mid-December, 2015.

7. Companion sent an adjuster to investigate Plaintiff's claim on September 21, 2015, and conducted a reinspection on December 22, 2015 through a different representative. Both of Companion's assigned adjusters, on behalf of Companion, conducted substandard and outcome-oriented investigations and inspections of Plaintiff's property. Despite evident and severe hail damage to the roof, guttering, siding, exterior wooden fence, sheathing, flashing, ridge cap, satellite dish, and interior family room. Companion and its adjusters failed to document and ignored such damages. Companion and its adjusters prepared and issued a report that omitted or otherwise undervalued all of the damages that were observed or should have been observed during the inspection. Particularly, Nicholas Wilson, a claims adjuster with Wellington Claim's Service, Inc., wrote Plaintiff a letter on Companion's behalf dated January 4, 2016. In this letter, Companion misrepresented the damages its adjusters had observed (or should have observed) as being below Plaintiff's $3,787.00 deductible (or should have observed). The letter further misrepresented the cause of Plaintiff's leak in the family room as being caused by pre-existing

wind damage. Companion failed to pay anything, despite extensive damage that bound Companion to liability under the terms of the policy.

8. As a result, Companion failed to attempt in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claim, with respect to which Companion's liability had become reasonably clear. Had Companion inspected Plaintiff's property in good faith and with properly trained personnel, it would have paid the underlying damages at issue in a timely manner.

9. Further, Companion failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds owed under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff.

## IV.
## CAUSES OF ACTION

10. Each of the foregoing paragraphs is incorporated by reference in the following:

### A. Breach of Contract

11. Companion had a contract of insurance with Plaintiff. Companion breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

### B. Prompt Payment of Claims Statute

12. The failure of Companion to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq.* of the Texas Insurance Code.

13. Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

**C. Bad Faith/DTPA**

14. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

15. Defendant violated § 541.051 of the Texas Insurance Code by:

(1) making statements misrepresenting the terms and/or benefits of the policy.

16. Defendant violated § 541.060 by:

(1) misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

(2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3) failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4) failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

(5) refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

17. Defendant violated § 541.061 by:

(1) making an untrue statement of material fact;

(2) failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

  (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

  (4) making a material misstatement of law; and

  (5) failing to disclose a matter required by law to be disclosed.

18. At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

19. Defendant has violated the Texas Deceptive Trade Practices Act in the following respects:

  (1) Defendant represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

  (2) Companion failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

  (3) Companion, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that Companion took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

20. Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

**D. Attorneys' Fees**

21. Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

22. Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because he is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

23. Plaintiff further prays that he be awarded all reasonable attorneys' fees incurred in prosecuting his causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

## V.
## CONDITIONS PRECEDENT

24. All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendant.

## VI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Lewis Gullatte prays that, upon final hearing of the case, he recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Mr. Gullate be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Mr. Gullatte may show himself to be justly entitled.

Respectfully submitted,

By: R D Daly

Richard D. Daly
Attorney-in-Charge
State Bar of Texas No. 00796429
rdaly@rdalylaw.com
2211 Norfolk Street., Suite 800
Houston, Texas 77098
713.655.1405—Telephone
713.655.1587—Fax

**ATTORNEY FOR PLAINTIFF**

**OF COUNSEL:**

James W. Willis
State Bar of Texas No. 24088654
DALY & BLACK, P.C.
2211 Norfolk Street, Suite 800
Houston, Texas 77098
713.655.1405—Telephone
713.655.1587—Fax

**CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2016, a true and correct copy of the forgoing was served on all counsel of record via the mail, electronic delivery, and or facsimile, in accordance with the Federal Rules of Civil Procedure, via facsimile and/or email, and via priority mail.

Melinda R. Burke
Sheryl Kao
Martin, Disiere, Jefferson & Wisdom, L.L.P.
16000 N. Dallas Parkway
Suite 800
Dallas, Texas 75248
Telephone: (214) 420-5500
Facsimile: (214) 420-5501

**ATTORNEYS FOR DEFENDANT**

R D Daly
Richard D. Daly